PER CURIAM.[1]
11 Writ granted. In open court, a prosecutor stipulated that the gun charge and the attempted murder charge could not be tried together. Acting on that stipulation, the trial court ruled that the charges were severed. Although this case was transferred to a different division of the trial court and a different prosecutor was then assigned, the newly assigned prosecutor and the trial court were bound by the court’s prior ruling. See State v. Smith, 39,698, p. 13 (La.App. 2 Cir. 6/29/05), 907 So.2d 192, 199 (“A stipulation has the effect of binding all parties and the court. A trial court is bound to render judgment in accordance with the stipulations between the parties where the stipulations are not in derogation of the law. Such agreements are the law of the case.”), citing R.J. D’Hemecourt Petroleum, Inc. v. McNamara, 444 So.2d 600, 601 (La.1983). Therefore, based on the unique facts of this case, we find that the trial court erred when later ruling that the gun charge and the attempted murder charge could be tried together.
KNOLL, J., would deny.
CLARK, J., would deny.

. Kimball, C.J., not participating in the decision.